1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  ALECIA E. COTTON, ESQ. (State Bar #252777)
   **YARON & ASSOCIATES**
3  601 California Street, 21st Floor
   San Francisco, California 94108-2281
4  Telephone: (415) 658-2929
   Facsimile: (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
   KATHY LEECH, as Wrongful Death Heir,      )   CASE NO. CV 08-1255 JCS
11 and as Successor-in-Interest to CECIL LEECH, )
   Deceased; and KIM WOODMANCY and           )
12 JAMES LEECH as Legal Heirs of CECIL       )   **ANSWER OF DEFENDANT TODD**
   LEECH, Deceased,                          )   **SHIPYARDS   CORPORATION   TO**
13                                           )   **PLAINTIFFS'  COMPLAINT   FOR**
                                             )   **SURVIVAL,  WRONGFUL  DEATH-**
14            Plaintiffs,                     )   **ASBESTOS**
                                             )
15 vs.                                        )
                                             )
16                                           )
   TODD SHIPYARDS CORPORATION,               )
17                                           )
                                             )
18            Defendant.                      )
                                             )
19 _____ )

20          COMES NOW Defendant Todd Shipyards Corporation ("TODD"), and for an Answer to

21 Plaintiffs KATHY LEECH's, as Wrongful Death Heir, and as Successor-in-Interest to CECIL

22 LEECH, Deceased; and KIM WOODMANCY's and JAMES LEECH's, as Legal Heirs of CECIL

23 LEECH, Deceased  ("Plaintiffs") Complaint for Survival (Negligence) (Products Liability), and

24 Wrongful Death-Asbestos (Negligence) (Products Liability) admits, denies and alleges as follows:

25                          **THE PARTIES**

26          1.      Answering Paragraph 1 of the Complaint, TODD is without sufficient knowledge or

27 information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

28 basis, denies generally and specifically, each and every allegation contained therein.

2.      Answering Paragraph 2 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

3.      Answering Paragraph 3 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

4.      Answering Paragraph 4 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of a similar series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, TODD denies generally and specifically, that Plaintiffs' claims arise out of an identical series of occurrences. TODD is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, TODD admits that it is a Corporation existing under the laws of other states, and that it is authorized to conduct business in the State of California and the County of San Francisco, but denies it is presently conducting business in the State of California, and, unless expressly admitted herein, TODD denies each and every remaining allegation in said paragraph.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

7.      Answering Paragraph 7 of the Complaint, TODD admits that this Court has jurisdiction over the subject matter of Plaintiffs' Complaint under 25 U.S.C. Section 1332 because, based on the allegations in the pleadings, there is complete diversity and an actual or substantial controversy exists between citizens of different states, and, unless expressly admitted herein, TODD denies each and every remaining allegation in said paragraph.

8.      Answering Paragraph 8 of the Complaint, TODD is without sufficient knowledge or

1  information to form a belief as to the truth of the allegations contained in said paragraph, and, on that

2  basis, denies generally and specifically, each and every allegation contained therein.

3  ## CAUSES OF ACTION

4  ## FIRST CAUSE OF ACTION – SURVIVAL (NEGLIGENCE)

5      9.    Answering Paragraph 9 of the Complaint, TODD denies generally and

6  specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

7  CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, studied,

8  manufactured, fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered

9  for sale, supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted,

10  represented, endorsed servicing, installed, contracted for installation, repaired, marketed, warranted,

11  rebranded, manufactured for others, packaged, specified, required, mandated, or otherwise directed

12  and/or facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

13  containing asbestos.  TODD admits that TODD PACIFIC SHIPYARDS CORPORATION is a

14  wholly owned subsidiary of TODD SHIPYARDS CORPORATION.   SEATTLE-TACOMA

15  SHIPBUILDING CORP. merged into TODD SHIPYARDS CORPORATION in 1946.  TODD is

16  without sufficient knowledge or information to form a belief as to the truth of the remaining

17  allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and

18  every allegation contained therein.

19      10.    Answering Paragraph 10 of the Complaint, TODD denies generally and

20  specifically, that TODD SHIPYARDS CORPORATION, TODD PACIFIC SHIPYARDS

21  CORPORATION, or SEATTLE-TACOMA SHIPBUILDING CORP. researched, manufactured,

22  fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

23  supplied, sold, inspected, endorsed, tested, authorized, approved, certified, facilitated, promoted,

24  represented, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded,

25  manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or

26  facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

27  containing asbestos. TODD is without sufficient knowledge or information to form a belief as to the

28  truth of the remaining allegations contained in said paragraph, and, on that basis, denies generally

and specifically, each and every allegation contained therein.

11.    Answering Paragraph 11 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

12.    Answering Paragraph 12 of the Complaint, TODD denies generally and specifically, that it owed a duty to Plaintiffs and that it breached said duty of care.

13.    Answering Paragraph 13 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

14.    Answering Paragraph 14 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

15.    Answering Paragraph 15 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

16.    Answering Paragraph 16 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

17.    Answering Paragraph 17 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

18.    Answering Paragraph 18 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

19.    Answering Paragraph 19 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

20.    Answering Paragraph 20 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

21.    Answering Paragraph 21 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

22.    Answering Paragraph 22 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

23.    Answering Paragraph 23 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

24.    Answering Paragraph 24 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

25.    Answering Paragraph 25 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

## SECOND CAUSE OF ACTION - SURVIVAL (PRODUCTS LIABILITY)

26.    Answering Paragraph 26 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 25 as though fully set forth herein.

27.    Answering Paragraph 27 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

28.    Answering Paragraph 28 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

29.    Answering Paragraph 29 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

30.    Answering Paragraph 30 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

31.    Answering Paragraph 31 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, TODD is without sufficient knowledge

1   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

2   that basis, denies generally and specifically, each and every allegation contained therein.

3       33.    Answering Paragraph 33 of the Complaint, TODD is without sufficient knowledge

4   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

5   that basis, denies generally and specifically, each and every allegation contained therein.

6       34.    Answering Paragraph 34 of the Complaint, TODD denies generally and specifically,

7   each and every allegation therein.

8       35.    Answering Paragraph 35 of the Complaint, TODD is without sufficient knowledge

9   or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

10  that basis, denies generally and specifically, each and every allegation contained therein.

11      36.    Answering Paragraph 36 of the Complaint, TODD is without sufficient knowledge

12  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

13  that basis, denies generally and specifically, each and every allegation contained therein.

14      **THIRD CAUSE OF ACTION - WRONGFUL DEATH (NEGLIGENCE)**

15      37.    Answering Paragraph 37 of the Complaint, TODD incorporates and realleges its

16  responses to paragraphs 1 through 36 as though fully set forth herein.

17      38.    Answering Paragraph 38 of the Complaint, TODD is without sufficient knowledge

18  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

19  that basis, denies generally and specifically, each and every allegation contained therein.

20      39.    Answering Paragraph 39 of the Complaint, TODD is without sufficient knowledge

21  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

22  that basis, denies generally and specifically, each and every allegation contained therein.

23      40.    Answering Paragraph 40 of the Complaint, TODD is without sufficient knowledge

24  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

25  that basis, denies generally and specifically, each and every allegation contained therein.

26      41.    Answering Paragraph 41 of the Complaint, TODD is without sufficient knowledge

27  or information to form a belief as to the truth of the allegations contained in said paragraph, and, on

28  that basis, denies generally and specifically, each and every allegation contained therein.

42.    Answering Paragraph 42 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

43.    Answering Paragraph 43 of the Complaint, TODD is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies generally and specifically, each and every allegation contained therein.

## FOURTH CAUSE OF ACTION - WRONGFUL DEATH (PRODUCTS LIABILITY)

44.    Answering Paragraph 44 of the Complaint, TODD incorporates and realleges its responses to paragraphs 1 through 43 as though fully set forth herein.

45.    Answering Paragraph 45 of the Complaint, TODD denies generally and specifically, each and every allegation therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

### SECOND AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to join all persons and parties needed for a just adjudication of this action.

### THIRD AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' claims are barred by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the entirety of Plaintiffs' claims against TODD are negated by the "government contractor" defense, including any performance contracts. (*Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940); *Boyle v. United Technologies*, 487 U.S. 500 (1988); *Emory v. McDonnell Douglas Corp.*, 148 F.3d 347 (4th Cir. 1998).)

**FIFTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to commence this action within the time required by the applicable statutes of limitation, including but not limited to California Code of Civil Procedure Sections 337.1, 337.15, 338(a), 338(d), 340.2, 343, 583.110, 583.210, 583.310, 583.410, and Commercial Code § 2725.

**SIXTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' damages, if any, were proximately caused, in whole or in part, by Decedent's own fault and negligence in failing to exercise reasonable care for his own safety. Plaintiffs' recovery from TODD, if any, should therefore be reduced proportionate to Decedent's comparative fault.

**SEVENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs have failed to mitigate the alleged damages, if any there were. Accordingly, the amount of loss, injury or damages to which Plaintiffs are entitled, if any, should be reduced by the amount of loss, injury or damages which would have otherwise been mitigated and Plaintiffs are barred from any recovery of any loss, injury or damages suffered thereby.

**EIGHTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Decedent was injured by products used or installed by TODD, which is denied, such injury occurred after the expiration of the useful safe life of such products.

**NINTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were the sole and proximate result of an unavoidable accident.

**TENTH AFFIRMATIVE DEFENSE**

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were caused

2  by and/or contributed to Decedent's misuse of the product(s) which he used, and therefore Plaintiffs'

3  recovery should be barred or reduced accordingly.

4  ## ELEVENTH AFFIRMATIVE DEFENSE

5  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

6  TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely

7  and proximately caused by and/or contributed to the negligence of third persons or entities over

8  whom or which TODD had no control or supervision. Therefore, Plaintiffs' damages, if any, are

9  barred or reduced by the percentage of all responsibility attributable to such third parties.

10  ## TWELFTH AFFIRMATIVE DEFENSE

11  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12  TODD alleges that if Plaintiffs suffered any damages, which is denied, such damages were solely

13  and proximately caused by material modifications or alterations of the product(s) involved in this

14  action after it or they left the custody and control of Defendant TODD.

15  ## THIRTEENTH AFFIRMATIVE DEFENSE

16  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

17  TODD alleges that any asbestos-containing product(s) alleged to have caused Plaintiffs' injuries,

18  were manufactured, used, installed and/or distributed in mandatory compliance with specifications

19  promulgated by the United States government under its war powers, as set forth in the U. S.

20  Constitution, and that any recovery by Plaintiffs is barred as a consequence of the exercise of those

21  sovereign powers.

22  ## FOURTEENTH AFFIRMATIVE DEFENSE

23  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

24  TODD alleges that any product(s) alleged to have caused Plaintiffs' injuries, were manufactured,

25  installed, used or distributed in compliance with specifications provided by third parties to TODD

26  and/or in compliance with all applicable health and safety statutes and regulations.

27  ## FIFTEENTH AFFIRMATIVE DEFENSE

28  AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1  TODD alleges that if Plaintiffs suffered any damages, which is denied, the risk of any such damages

2  was not foreseeable to TODD. At all times material hereto, TODD acted in accordance with the state

3  of scientific knowledge available to installers and/or users of asbestos-containing products.

4  **SIXTEENTH AFFIRMATIVE DEFENSE**

5       AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

6  TODD alleges that, with respect to the product(s) allegedly supplied, distributed, manufactured

7  and/or sold by TODD, alleged by Plaintiffs to have caused Plaintiffs' loss, injury or damages,

8  TODD received no notice of any dangerous, hazardous or defective condition, or any breach of

9  warranty, either expressed or implied.

10  **SEVENTEENTH AFFIRMATIVE DEFENSE**

11      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12  TODD alleges that Plaintiffs' claims against TODD are barred by the holdings of *Kinsman v. Unocal*

13  *Corp.* (2005) 37 Cal.4th 659, *Camargo v. Tjaarda Dairy* (2001) 25 Cal.4th 1235, *Bockrath v.*

14  *Aldrich Chemical Co.* (1999) 21 Cal.4th 71, *Toland v. Sunland Housing Group, Inc.* (1998) 18

15  Cal.4th 253, and *Privette v. Superior Court* (1993) 5 Cal.4th 689.

16  **EIGHTEENTH AFFIRMATIVE DEFENSE**

17      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

18  TODD alleges that Decedent's exposure to any asbestos-containing product(s) allegedly used,

19  installed, manufactured, supplied and/or distributed by TODD was minimal and insufficient to

20  establish the probability that said product(s) were a legal cause of Plaintiffs' alleged injuries.

21  **NINETEENTH AFFIRMATIVE DEFENSE**

22      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

23  TODD alleges that this action is barred by the applicable state and/or federal industrial insurance

24  and/or Workers' Compensation laws, including, but not limited to, California Labor Code Section

25  3601 and 3602, and 33 U.S.C. Section 905.

26  **TWENTIETH AFFIRMATIVE DEFENSE**

27      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

28  TODD alleges that at the time of the injuries alleged in the Complaint, Decedent was employed by

1  persons other than TODD; was entitled to receive and did receive Workers' Compensation benefits

2  from said employer(s) or their insurers; and that said employer(s) were negligent and careless in and

3  about the matters referred to in Plaintiffs' Complaint. Therefore,  TODD is entitled to set-off any

4  such benefits received by Plaintiffs  against any judgment rendered in Plaintiffs'  favor herein, and

5  said employer(s) are barred from any recovery by lien or otherwise against TODD in connection with

6  this matter.

7  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

8      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

9  TODD alleges that Decedent was advised, informed, and warned of any purported hazards and/or

10  dangers, if any, associated with the normal and foreseeable use, handling, and storage of the product,

11  substance and equipment described in the Complaint. Decedent knew, or in the exercise of ordinary

12  care, should have known, of the purported risks and hazards involved in the undertaking alleged, but

13  nevertheless, willingly, voluntarily and knowingly consented to assume such purported risks and

14  hazards incident to said undertaking and conduct, at the time and place alleged in said Complaint, all

15  of which proximately caused and contributed to any loss, injury or damages alleged herein.

16  Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility

17  attributable to Decedent.

18  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

19      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20  TODD alleges that at all times relevant to the matters alleged in Plaintiffs' Complaint, Decedent's

21  employer(s), including the United States Navy, were sophisticated users of asbestos-containing

22  products, and said employer(s)' negligence in providing said product(s) to its employees was a

23  superseding and/or intervening cause of Decedent's injuries, if any there were.

24  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

25      AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26  TODD alleges that there was no concert of action among TODD and other potential Defendants to

27  this action and that any alleged liability or responsibility of TODD, which is denied, is minimal in

28  proportion to the alleged liability and responsibility of other persons and entities including the other

potential Defendants herein. Plaintiffs should therefore be limited to seeking recovery from TODD for the proportion of alleged injuries and damages for which TODD is allegedly liable or responsible, all such alleged liability and responsibility being denied.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, to the extent the Complaint alleges that TODD has "market-share liability" or "enterprise liability," the Complaint fails to state facts sufficient to constitute a cause of action against TODD.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it is entitled to set-off from all settlements, judgments, or similar amounts received by Plaintiffs, against any judgment rendered against it in Plaintiffs' favor herein.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges, in accordance with Section 1431.2 of the Civil Code, known as the Fair Responsibility Act of 1986, that if Plaintiffs' Complaint states a cause of action, each Defendant is liable, if at all, only for those non-economic damages allocated to each in direct proportion to each Defendant's percentage of fault, if any. TODD requests a judicial determination of the amount of non-economic damages, if any. TODD also requests a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that the damages and injuries, if any, were proximately caused or contributed to, in whole or in part, by the negligence or fault or other acts and/or omissions of persons or entities other than TODD, for which TODD is not responsible.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that neither the Complaint nor any purported causes of action alleged therein state facts

1    sufficient to entitle Plaintiffs to an award of punitive damages against TODD.

2                    **TWENTY-NINTH AFFIRMATIVE DEFENSE**

3        AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

4    TODD alleges that Plaintiffs are not entitled to recover punitive or exemplary damages from TODD

5    and that such damages are violative of the Constitutions of the United States of America and of the

6    Constitution of the State of California.

7                     **THIRTIETH AFFIRMATIVE DEFENSE**

8        AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

9    TODD alleges that Plaintiffs' instant action is barred or, alternatively, merged into a prior cause of

10    action for which Plaintiffs have previously sued upon, recovered, and dismissed with prejudice,

11    thereby requiring a complete extinguishment of the instant action due to the doctrines of Res Judicata

12    and Collateral Estoppel.

13                   **THIRTY-FIRST AFFIRMATIVE DEFENSE**

14        AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

15    TODD alleges that Plaintiffs' instant action is barred and discharged, pursuant to Title 11 U.S.C.

16    Section 1141(d), and that Plaintiffs' action violates the pending injunction against such claims that

17    exists, by operation of law, pursuant to Title 11 U.S.C. Section 524(a)(2).

18                  **THIRTY-SECOND AFFIRMATIVE DEFENSE**

19        AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

20    Plaintiffs' Complaint, TODD alleges that its materials and/or products were manufactured, produced,

21    supplied, installed, sold, and distributed pursuant to a contract with the United States government,

22    and that any recovery by Plaintiffs on the Complaint filed herein is barred by consequence of the

23    judicially recognized doctrine of immunity conferred upon that contractual relationship, and any

24    occurrences arising therefrom.

25                   **THIRTY-THIRD AFFIRMATIVE DEFENSE**

26        AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION to

27    Plaintiffs' Complaint, TODD alleges that the state-imposed duty upon TODD significantly conflicts

28    with an identifiable federal interest or policy and, therefore, is displaced under the holding of *Boyle*

*v. United Technologies*, 487 U.S. 500 (1988).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs, and Decedent, did not reasonably rely on any representation, disclaimer, warranty or other act or omission of TODD.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs, and Decedent, were not in privity of contract with TODD, and said lack of privity bars recovery herein upon any theory of warranty.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs named TODD in this litigation without reasonable product identification and without reasonable investigation.  Accordingly, pursuant to California Code of Civil Procedure Section 128.5, TODD requests reasonable expenses, including attorney's fees incurred by TODD, as a result of the maintenance of this bad-faith litigation.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs  have  released, settled, entered into an accord and satisfaction, or otherwise compromised their claims herein, and, accordingly, said claims are barred by operation of law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD is presently without sufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses.  Accordingly, TODD reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

1   TODD denies any and all liability as a successor, predecessor, predecessor in business, predecessor

2   in a product line or portion thereof, parent, "alter ego," subsidiary, wholly or partially owned, by or

3   the whole or partial owner or member in any entity which researched, studied, manufactured,

4   fabricated, designed, modified, labeled, assembled, distributed, leased, bought, offered for sale,

5   supplied, sold, inspected, tested, authorized, approved, certified, facilitated, promoted, represented,

6   endorsed servicing, installed, contracted for installation, repaired, marketed, warranted, rebranded,

7   manufactured for others, packaged, specified, required, mandated, or otherwise directed and/or

8   facilitated the use of, or advertised a certain product, namely asbestos, and/or other products

9   containing asbestos.

### FORTIETH AFFIRMATIVE DEFENSE

11   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

12   TODD alleges that the claims asserted by Plaintiffs were proximately caused by a superseding and

13   intervening cause.

### FORTY-FIRST AFFIRMATIVE DEFENSE

15   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

16   TODD alleges that the claims asserted by Plaintiffs were not a substantial factor in bringing about the

17   loss, injury or damages alleged in the Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

19   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

20   TODD alleges that Plaintiffs are barred from recovery from TODD in that the product allegedly

21   supplied, distributed, manufactured and/or sold by TODD, if any, was in conformity with the existing

22   state-of-art applicable at the time of their manufacture, sale, formulation or distribution and, thus,

23   such product was not defective in any manner.

### FORTY-THIRD AFFIRMATIVE DEFENSE

25   AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION,

26   TODD alleges that the product allegedly supplied, distributed, manufactured and/or sold by TODD,

27   was properly designed, manufactured, and fit for the purpose for which they were intended. Said

28   product was improperly maintained, misused, and/or abused by Decedent and/or others, and

proximately caused Decedent's alleged loss, injury or damages.  Such misuse, abuse or improper maintenance was not forseeable to TODD.  Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility attributable to Decedent and/or others.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that its alleged actions, which are the subject of the Complaint, were lawful.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that TODD has fully performed any contractual, statutory or other alleged duties to Plaintiffs, if any such duties were owed, and Plaintiffs are thus barred from recovery.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that Plaintiffs' damages against TODD are speculative, and Plaintiffs are barred from asserting any such damages against TODD.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that it was justified in undertaking actions to protect its interests and acted at all times reasonably and in good faith and, thus, its conduct as alleged in the Complaint was justified or excused.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that other parties are responsible either directly or indirectly for liability for Plaintiffs' loss, injuries or damages, and in the event that TODD is held liable for Plaintiffs' loss, injuries or damages, such persons or entities are obligated to  reimburse TODD for all costs and expenses resulting from the present lawsuit.

### FORTY-NINTH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, at the time the product, substance and equipment described in the Complaint left

the custody and control of TODD, it was not unreasonably dangerous or defective, of good merchantable quality, and performed as safely as an ordinary consumer would have expected at the time of use.

### FIFTIETH AFFIRMATIVE DEFENSE

AS A SEPARATE AND AFFIRMATIVE DEFENSE TO EACH CAUSE OF ACTION, TODD alleges that, the product, substance and equipment described in the Complaint, was improperly maintained and cared for by Decedent and/or the owners of the product(s), and such improper care and maintenance created any defect, if any, which was the proximate and legal cause of Decedent's loss, injury or damages, if any. Such improper maintenance and care was not forseeable to TODD. Therefore, Plaintiffs' damages, if any, are barred or reduced by the percentage of all responsibility attributable to Decedent and/or the owners of the product(s)by virtue of said improper maintenance and care.

**WHEREFORE**, TODD prays for judgment as follows:

1.    That Plaintiffs take nothing by reason of their Complaint herein;

2.    That judgment be entered in favor of TODD;

3.    For costs of suit incurred herein;

4.    For appropriate credits and set-offs arising out of any payment of Workers' Compensation benefits as alleged above;

5.    For a judicial determination of the amount of non-economic damages, if any, allocated to TODD in direct proportion to TODD's percentage of fault, if any, and a separate judgment in conformance therewith; and

6.    For such other and further relief as the Court may deem just and proper.

DATED: March 31, 2008

YARON & ASSOCIATES

By: _____

GEORGE D. YARON
KEITH E. PATTERSON
ALECIA E. COTTON
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

GEORGE D. YARON, ESQ. (State Bar #96246)
KEITH E. PATTERSON, ESQ. (State Bar #225753)
ALECIA E. COTTON, ESQ. (State Bar #252777)
**YARON & ASSOCIATES**
601 California Street, 21st Floor
San Francisco, California 94108-2281
Telephone: (415) 658-2929
Facsimile: (415) 658-2930

Attorneys for Defendant
TODD SHIPYARDS CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY LEECH, as Wrongful Death Heir, and ) as Successor-in-Interest to CECIL LEECH, Deceased; and KIM WOODMANCY and JAMES LEECH as Legal Heirs of CECIL LEECH, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> TODD SHIPYARDS CORPORATION, <br><br> Defendants. | CASE NO. CV 08-1255 JCS <br><br> **DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES

HEREIN:

PLEASE TAKE NOTICE that Defendant TODD SHIPYARDS CORPORATION hereby

demands a trial by jury in the above-entitled action.

DATED: March 31, 2008                    YARON & ASSOCIATES

By: _____
GEORGE D. YARON
KEITH E. PATTERSON
ALECIA E. COTTON
Attorneys for Defendant
TODD SHIPYARDS CORPORATION

1  GEORGE D. YARON, ESQ.  (State Bar #96246)
   KEITH E. PATTERSON, ESQ.  (State Bar #225753)
2  ALECIA E. COTTON, ESQ.  (State Bar #252777)
   **YARON & ASSOCIATES**
3  601 California Street, 21st Floor
   San Francisco, California 94108-2281
4  Telephone:  (415) 658-2929
   Facsimile:   (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 KATHY LEECH, as Wrongful Death Heir,     )   CASE NO. CV 08-1255 JCS
   and as Successor-in-Interest to CECIL LEECH, )
12 Deceased; and KIM WOODMANCY and          )   **DEFENDANT TODD SHIPYARDS**
   JAMES LEECH as Legal Heirs of CECIL)        **CORPORATION'S CERTIFICATE OF**
13 LEECH, Deceased,                         )   **INTERESTED ENTITIES OR PERSONS**
                                            )
14                                          )
                                            )
15              Plaintiffs,                 )
                                            )
16        vs.                               )
                                            )
17 TODD SHIPYARDS CORPORATION,              )
                                            )
18              Defendant.                  )
                                            )
19 ─────────────────────────────────────   )

20        Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

21 the named parties, there is no such interest to report.

22 DATED:  March 31, 2008                    YARON & ASSOCIATES

23                                    By:    _____

24

25                                           GEORGE D. YARON
                                             KEITH E. PATTERSON
26                                           ALECIA E. COTTON
                                             Attorneys for Defendant
27                                           TODD SHIPYARDS CORPORATION

28

1  GEORGE D. YARON, ESQ. (State Bar #96246)
   KEITH E. PATTERSON, ESQ. (State Bar #225753)
2  ALECIA E. COTTON, ESQ. (State Bar#252777)
   **YARON & ASSOCIATES**
3  601 California Street, 21st Floor
   San Francisco, California 94108-2281
4  Telephone: (415) 658-2929
   Facsimile: (415) 658-2930
5
   Attorneys for Defendant
6  TODD SHIPYARDS CORPORATION

7

8
          BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION
9

10

11
   IN RE: ASBESTOS PRODUCTS LIABILITY      )      **MDL DOCKET NO. 875**
12 LITIGATION (NO. VI),                    )
                                           )
13 This Document Relates to:               )
   KATHY LEECH, et al. vs.                 )
14 TODD SHIPYARDS CORPORATION              )
                                           )
15

16              IN THE UNITED STATES DISTRICT COURT

17            FOR THE NORTHERN DISTRICT OF CALIFORNIA

18 KATHY LEECH, as Wrongful Death Heir, and)   Case No. CV 08-0980 EDL
   as Successor-in-Interest to CECIL LEECH,)
19 Deceased; and KIM WOODMANCY and)         **DEFENDANT TODD SHIPYARDS**
   JAMES LEECH as Legal Heirs of CECIL)     **CORPORATION'S NOTICE OF TAG-**
20 LEECH, Deceased,                        )  **ALONG ACTION**
                                           )
21          Plaintiffs,                    )   Multi-District Rule 7.5(e)
            vs.                            )
22                                         )
                                           )
23 TODD SHIPYARDS CORPORATION,             )
                                           )
24          Defendant.                     )
                                           )
25

26      TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND

27

28 Notice of Tag-Along Action              -1-           G:\3117\Pleadings\Not.tag.along.wpd

1    THEIR ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel of Multi-District

3    Litigation entered an order transferring all asbestos cases pending in the federal courts to the United

4    States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial

5    proceedings pursuant to 28 U.S.C. §1207 ("MDL Transfer Order"). The MDL Transfer Order also

6    applies to "tag-along actions," which refers to a civil action pending in a District Court and involving

7    common questions of fact with actions previously transferred under Section 1407 by the Judicial

8    Panel of Multi-District Litigation pursuant to a January 17, 1991 Order to Show Cause. See Multi-

9    District Litigation Rules ("MDL Rules"), Rule 11.

10        Pursuant to MDL Rule 7.5(c),

11            Any party or counsel in actions previously transferred under Section
             1407 or under consideration by the Panel for transfer under Section

12            1407 shall notify the Clerk of the Panel of any potential "tag-along
             actions" in which that party is also named or in which that counsel

13            appears.

14        Defendant Todd Shipyards Corporation hereby notifies the Court that the above-entitled

15    action involves all or a material part of the same subject matter as another action which is pending

16    in another federal court. Accordingly, the above-entitled action is considered a "tag-along action,"

17    subject to transfer to the United States District Court for the Eastern District of Pennsylvania,

18    because the action involves alleged injuries due to exposure to asbestos. The Clerk of the Panel may

19    either (1) enter a conditional transfer pursuant to MDL Rule 7.4(a) or (2) file an order to show cause

20    why this action should not be transferred pursuant to MDL Rule 7.5(b).

21    DATED: March 31, 2008                    YARON & ASSOCIATES

22
                                          By: _____
23
                                             GEORGE D. YARON
24                                           KEITH E. PATTERSON
                                             ALECIA E. COTTON
25                                           Attorneys for Defendant
                                             TODD SHIPYARDS CORPORATION
26

27

28    Notice of Tag-Along Action                    -2-              G:\3117\Pleadings\Not.tag.along.wpd